Ryan, Judge
(concurring):
I agree with the conclusion of the majority opinion that the erroneous partial closure of this Article 32, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 832 (2000), investigation was harmless, irrespective of the characterization of the nature of this error. I write separately because the lower court’s citation to and reliance on ABC, Inc. v. Powell, 47 M.J. 363 (C.A.A.F.1997), to support the position that the Sixth Amendment right to an “open trial” applies at an Article 32, UCMJ, investigation is misplaced, and there is no reason for this Court not to say so.
Powell does not hold that the Sixth Amendment right to a public trial applies to an Article 32, UCMJ, investigation. Indeed, while Powell recognizes that this Court has “never addressed the direct question whether the Sixth Amendment to the Constitution affords a military accused the right to a public Article 32 hearing!,]” 47 M.J. at 365, Powell does not itself answer that direct question. I respectfully disagree that we should avoid correcting an obvious misapprehension of Powell’s holding by at least one of the Courts of Criminal Appeals.
Regarding the answer to the question whether there is a right to an open Article 32, UCMJ, investigation under the Sixth Amendment, I agree with the majority opinion that the issue was neither raised by the Government nor briefed by the parties. This case is thus not the proper vehicle to address the question, even though, in response to questions from the Court, both parties appeared to concede at argument that the Sixth Amendment right to a public trial is not applicable to a pretrial proceeding under Article 32, UCMJ.
Of course, but for the lower court’s opinion and rationale for its holding, I would not have thought that this was either an open or close question. The pertinent language of the Sixth Amendment states, “In all criminal prosecutions, the accused shall enjoy the right to a ... public tñal____” U.S. Const. amend. VI (emphasis added). As the majority recognizes, the Article 32, UCMJ, investigation is not itself part of the court-martial— the trial. 64 M.J. at 449 (stating that the Article 32, UCMJ, investigation “is not part of the court-martial”). Rather, it precedes the trial.
Pursuant to Article 32(a), UCMJ, no charge may even be referred to a trial by general court-martial until the Article 32, UCMJ, pretrial investigation has been completed. See Rule for Courts-Martial (R.C.M.) 405(a); R.C.M. 407(a)(5); R.C.M. 601(d)(2). The Article 32, UCMJ, investigation precedes all of the following: the determination whether there will be a trial; the decision whether the charge will be referred to general court-martial; and the decision as to what charges, if any, may be referred to a general court-martial. See Article 32, UCMJ.
Given the language of the Sixth Amendment and the logical and temporal divide between “trial” and “pretrial,” I await with interest arguments in the appropriate case that address whether the Sixth Amendment right to a public trial applies to a pretrial Article 32, UCMJ, investigation.